Supreme Court, Washington Special Term, June, 1896.  Unreported.

In the matter of the petition of Job H. Wilbur to revoke the liquor tax certificate of Nathaniel B. Welling.

STOVER, J.   The question presented is whether, in a town where there had been no licenses issued prior to the time when the Liquor Tax Law took effect, viz.: March 23, 1896, the county treasurer is authorized to issue a certificate to one to whom the board of excise had granted a license after March 23, 1896, viz.: April 6, 1896.

The application for cancellation of the certificate was made upon two grounds.   First, that there being no license in the town prior to March 23, 1896, the issue of the certificate was unauthorized.   Second, that the requisite number of consents of property owners had not been obtained.   The latter ground was abandoned or waived upon the return of the order to show cause. An answer was filed, but upon the argument it was conceded that there was no license issued in the town prior to the time when the act took effect, viz.: March 23, 1896, but it is insisted by the holder of the certificate that the town board had a right to grant a license after March 23, 1896, that is, after the Liquor Tax Law became a law, and that such license entitled him to a certificate from the county treasurer, the contention being that the act did not become a law as to the issuing of licenses until the 30th of June, 1896, at which time the act made all licenses expire, that the construction of "shall become a law" meant so far as it affects persons, and did not mean when the law went into effect as a law.   I can see no valid ground for such construction. The legislature had a right to fix a time arbitrarily at which, and beyond which, no license should be issued by the excise board. The intention, evidently, of the law was, that in towns where no license had been issued at the time the law took effect, no licenses or certificates should be granted until the people of the town had voted therefor.   Therefore, and in order to avoid the many complications that might arise, the legislature has said that where there was no license at the time the act became a law, the county treasurer should issue no certificate, except in conformity with the vote of the people.   But it is argued that at the election of excise commissioners in March, 1896, a board was elected that would have granted licenses if the old law had continued and

therefore, that vote must be construed as a vote of the people to grant licenses, and that licenses should be granted after the law took effect as well as before, and until June 30th. I can not agree with this contention. The language of the statute is, "where there is no license," and that is the test. Had the holder of the certificate proven that there were legally issued licenses or one legally issued in the town, he would be entitled to his certificate, but we cannot, upon an application of this kind go into the mental operations of the voters or the excise board. If the construction contended for is to obtain, it all lies in the minds of the excise board. The voters did not vote license or no license, but simply voted for individuals as members of the excise board, and whether license would or would not be issued depended entirely upon the will, unexpressed, and, untrammelled of the excise board. An excise board may have been elected by the voters upon the theory that no license would be granted by them, and yet no power could prevent them from issuing licenses after they had taken their office. And the reverse is equally true; an excise board may have been elected with the understanding that they would issue licenses, and yet, when they took their office may have concluded that they would not issue any, and no power could compel them to issue licenses. Hence the law has fixed a certain way; it is this: — Where an excise board has legally issued a license prior to the passage of the act, a certificate from the county treasurer may issue, and where such license has not been issued no certificate shall issue. It can be readily seen that if we were to go into the mental operation of the board of excise there would be no end of confusion, because an excise board elected not to grant licenses, might by some pique or some supposed indignity say that inasmuch as they were to be legislated out of office that they would grant licenses, and it may be that the legislature intended that the excise board should not have the power after the passage of the act, to grant licenses. At all events, the statute is not ambiguous; it is clear, and we are not compelled to resort to such methods as the undisclosed mental operations of the excise board. If it were not so the question to be tried upon each of these applications would be, not whether there was a license in the town or not, but whether the excise board had been elected with the understanding and intention that they would or would not issue licenses. Applications might just as well be made to

have certificates cancelled upon the ground that the excise board was elected with the understanding that they would not grant licenses, as that a certificate should be upheld for the reason that they were elected for the purpose of granting licenses. A great many reasons are obvious why the legislature should fix a date as arbitrary as this, beyond which no license should be granted. The fact that there was no license at the time of the passage of the act, or that there was, is all that is to be inquired into upon an application for a certificate or for the cancellation of a certificate. The words used in the statute have a clear meaning, which has been well understood for years. The language is as follows: "Provided that in any town in which, at the time this act shall become a law, there is no license, it shall not be lawful for the county treasurer, or special deputy commissioner to issue any liquor tax certificate provided for by this act." To justify us in a departure from the ordinary and well settled meaning of such a statute, viz.: that it becomes a law on the date at which it is signed by the Governor, there should be some ambiguity, but I can discover none; it is plain, and while in various ways various things are to be done at certain times, yet there is nothing in the wording inconsistent with the construction that the legislature meant to fix the time at which the act became a law, and at which a license should be issued in a town in order to entitle the holder of a license to the county treasurer's certificate. And it can readily be seen why, in the brief time that elapsed from the time it became a law until all the functions of the excise board ceased, that the powers of the excise commissioners should be restrained and abridged, and that in towns where no license had been issued prior to that time, the same status should be preserved until the people had, by their votes, sanctioned a change.

I think the certificate issued by the county treasurer was unauthorized, and should be revoked and cancelled.